UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x

ADRIANA AGUILAR, ANDRES LEON,
ELENA LEON, ERIKA GABRIELA GARCIA-
LEON through her Next Friend Adriana Aguilar,
CARSON AGUILAR through his Next Friend
Adriana Aguilar, NELLY AMAYA, MARIO
PATZAN DELEON, DAVID LAZARO PEREZ,
WILLIAM LAZARO, TARCIS SAPON-DIAZ,
SONIA BONILLA, BEATRIZ VELASQUEZ
through her Next Friend Sonia Bonilla, DALIA
VELASQUEZ through her Next Friend Sonia
Bonilla, ELDER BONILLA, DIANA
RODRIGUEZ, YONI REVOLORIO, JUAN
JOSE MIJANGOS, GONZALO ESCALANTE,
YANET MARTINEZ, RAUL AMAYA,
GLORIA VANESSA AMAYA, JOHN DOE #1,
JANE DOE #1, JOHN DOE #2 through his Next
Friend Jane Doe #1, JOHN DOE #3 through his
Next Friend Jane Doe #1, JOHN DOE #4, and
JOHN DOE #5 on behalf of themselves and all
others similarly situated,

      Plaintiffs,

    -against-

IMMIGRATION AND CUSTOMS
ENFORCEMENT DIVISION OF THE UNITED
STATES DEPARTMENT OF HOMELAND
SECURITY, MICHAEL CHERTOFF, United
States Secretary of the Department of Homeland
Security, JULIE L. MYERS, Assistant Secretary
of Homeland Security for Immigration and
Customs Enforcement, JOHN P. TORRES,
Director of the Office of Detention and Removal
Operations, Immigration and Customs
Enforcement, CHRISTOPHER SHANAHAN,
New York Field Office Director for Detention
and Removal Operations, PETER J. SMITH,
JOSEPH A. PALMESE, JOHN and JANE DOE
ICE AGENTS, and JOHN ROE and JANE ROE
ICE SUPERVISORS,

      Defendants.
---------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/07

ECF Case

07 Civ. 8224 (JGK)

CONFIDENTIALITY ORDER

Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Confidentiality Order upon the joint motion of the parties, for the purpose of assuring the confidentiality of certain information disclosed by the defendants.

1. As used in this Confidentiality Order, the term "Confidential Information" includes any information that is disclosed by defendants represented by the United States Attorney's office (hereinafter "defendants") to counsel for plaintiffs in this action and which at or before the time of disclosure has been designated as "Confidential" by defendants in one or more of the following ways:

   a. Information set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response.

   b. Information contained in any document or part thereof may be so designated by marking the word "Confidential" on the document or by giving written notice to counsel for plaintiffs describing the document or part thereof either specifically or by category.

   c. Information contained in any statement made during an oral deposition may be so designated through a statement made on the record.

2. "Confidential Information" disclosed to plaintiffs or their counsel in this action:

   a. Shall be used by plaintiffs or their counsel only for purposes of this action;

   b. Shall not be published to the public in any form by plaintiffs or their counsel, nor used by them for any business, commercial, or advocacy purpose;

   c. May be disclosed by counsel for plaintiffs only to the following persons:

      i. named plaintiffs;

      ii. attorneys of record for plaintiffs, including any attorneys employed by a law firm or legal organization of record that represents plaintiffs;

- 2 -

    iii. secretarial, clerical, paralegal, or student personnel employed fulltime or part-time by attorneys or a law firm or legal organization of record that represent plaintiffs;

    iv. independent (non-employee) expert witnesses or consulting experts retained by the plaintiffs, attorneys, law firm or legal organization of record in connection with this action;

    v. the Court *and Court personnel* and any court reporters and stenographers engaged to record testimony and proceedings, and their employees;

    vi. such other persons as hereafter may be authorized by the Court upon motion of either party.

  3. "Confidential Information" may be further designated "Highly Confidential Material" by placing the phrase "Highly Confidential – Attorneys' Eyes Only" conspicuously on each page to be afforded such treatment under this Order. Highly Confidential Material shall not be used or disclosed for any purpose except for the conduct of this case (including any appeals of this case). Highly Confidential Material may not be disclosed to persons other than:

    a. attorneys of record for plaintiffs, including any attorneys employed by a law firm or legal organization of record to whom such disclosure is deemed reasonably necessary by such counsel for the conduct of this litigation;

    b. secretarial, clerical, paralegal, or student personnel employed fulltime or part-time by the attorneys, law firm or legal organization of record to whom such disclosure is deemed reasonably necessary by such counsel for the conduct of this litigation;

    c. independent (non-employee) expert witnesses or consulting experts retained by plaintiffs, attorneys, law firm or legal organization of record in connection with this

- 3 -

action, but only to the extent that such disclosure is deemed reasonably necessary by such counsel for the conduct of this litigation; and

    d.    the Court *and Court personnel* and any court reporters while in performance of their official duties, provided, however, that counsel wishing to file such materials with the Court comply with paragraph 6 herein.

4.    A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person identified in part c of paragraph 2 above and in paragraph 3 above to whom a disclosure of confidential information is made, at or before the time of disclosure, by counsel for plaintiffs. The provisions of this Confidentiality Order shall be binding upon each person to whom disclosure is made.

5.    The provisions of this Order shall not be construed to prevent:

    a.    Any disclosure of Confidential Information or Highly Confidential Material by defendants;

    b.    Any disclosure of Confidential Information or Highly Confidential Material to any judge, magistrate, or employee of this Court for purposes of this action;

    c.    Any disclosure of Confidential Information or Highly Confidential Material for the purpose of enforcement of the criminal laws.

6.    Before counsel for plaintiffs may file with the Court any pleadings, motions, or other papers disclosing Confidential Information or Highly Confidential Material provided by defendants, it shall give no less than four business days' prior notice to defendants identifying the Confidential Information or Highly Confidential Material that would be disclosed. Defendants may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application. In addition, defendants may

make an application to the Court requesting that any pleadings, motions, or other papers disclosing their own Confidential Information or Highly Confidential Material be filed under seal and the papers in question shall not be filed until the Court renders a decision on that application.

7. This Confidentiality Order shall not: (a) operate as an admission by any plaintiff that any particular material disclosed contains or reflects trade secrets, proprietary, or commercial information or has been properly designated as Confidential Information or Highly Confidential Material; (b) prejudice in any way the right of a party to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced, or (ii) if produced, whether such material should be subject to the terms of this Confidentiality Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any Confidential Information or Highly Confidential Material.

8. Upon the conclusion of this litigation, all Confidential Information and Highly Confidential Material supplied by defendants and all copies thereof shall be returned to defendants, or shall be certified to have been destroyed.

9. Nothing in this Order shall preclude a party from offering Confidential Information or Highly Confidential Material into evidence at the trial of this action.

**Objections to Confidential Treatment**

10. A party to this Order shall not be obligated to challenge the propriety of the designation of information as "Confidential Information" or "Highly Confidential Material" at the time made, and failure to do so shall not preclude a subsequent challenge thereof, provided that such challenge is made prior to the execution of the final pre-trial order.

11. If plaintiffs dispute the designation of any information as "Confidential Information" or "Highly Confidential Material," the parties to this Order shall attempt to resolve

by agreement the question whether or on what terms the information is entitled to treatment as "Confidential Information" or "Highly Confidential Material." If the parties are unable to resolve the issue, counsel for plaintiffs may file an appropriate motion with the Court. Such motion shall specify the documents or information plaintiffs contend should not be designated "Confidential Information" or "Highly Confidential Material" and why the plaintiffs seek to change or remove the "Confidential Information" or "Highly Confidential Material" designation or use "Confidential Information" or "Highly Confidential Material" beyond the uses permitted by this Order. Until a resolution of any dispute is achieved through consent or court order, all persons shall treat the documents or information in question as "Confidential Information" or "Highly Confidential Material," according to the proposed designation.

12. This Order may be modified if the parties to this Order agree to such modification or if such modification is ordered by the Court.

13. Any person may at any time move, on notice to all parties, for modification of, or other relief from, this Order.

SO ORDERED.

Dated: New York, New York
       November 9, 2007

_____
JOHN G. KOELTL, U.S.D.J.

The entry of this Order is consented to by the parties to this action.

*[Handwritten note:] This Order is not binding on the Court's Court personnel. The Court can modify this Order at any time.*

*[Handwritten:] So Ordered /*
*10/14/07*
*U.S.D.J.*

- 6 -

Dated: New York, New York
November 8, 2007

DEWEY & LEBOEUF LLP
Attorneys for Plaintiffs

By: _____
PATRICK J. GENNARDO
DONNA L. GORDON
RICHARD J. CAIRNS
KELLY H. TSAI
COLIN G. STEWART
125 W. 55th Street
New York, New York 10019
Telephone: (212) 424-8000
Facsimile: (212) 424-8500

PUERTO RICAN LEGAL DEFENSE AND
EDUCATION FUND
Attorneys for Plaintiffs

By: _____
FOSTER MAER
JACKSON CHIN
GHITA SCHWARZ
99 Hudson Street, 14th Floor
New York, New York 10013
Telephone: (212) 739-7507
Facsimile: (212) 431-4276

Dated: New York, New York
November 8, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: _____
SHANE CARGO
ELIZABETH WOLSTEIN
Assistant United States Attorneys
86 Chambers Street
Telephone: (212) 637-2711/2743
Facsimile: (212) 637-2702

- 7 -