Case 1:07-cv-08224-JGK-FM    Document 23-2    Filed 12/07/2007    Page 1 of 3

| OFFICE: I:S:I | | DISTRIBUTION: Special |
|---|---|---|
| POLICIES & PROCEDURES MANUAL | **MANUAL TRANSMITTAL** | NUMBER: 3800-10<br>ISSUE DATE: January 5, 1979 |

SUBJECT: Search and Seizure

PURPOSE

To transmit Chapter 42 of the Special Agent Handbook.

NATURE OF THIS ISSUANCE

This issuance consolidates prior Office of Investigations publications and provides essential background information about the numerous types of search and seizure situations a Special Agent encounters in the every-day performance of his or her duties.

EFFECT ON OTHER DOCUMENTS

This issuance supersedes the following documents:

Chapter 8, Customs Enforcement Manual
Office of Investigations letter PER 3 I:G:50, January 6, 1975

REMOVAL AND INSERTION OF PAGES

Remove: None
Insert: This issuance at Chapter 42 in the Special Agent Handbook.

AUTHENTICATION

*[signed]*
John H. Dennis
Deputy Assistant Commissioner
(Investigations)



CUSTOMS ISSUANCE SYSTEM
DEPARTMENT OF THE TREASURY • UNITED STATES CUSTOMS SERVICE

CONFIDENTIAL
INFORMATION

US000793

42-21

**REDACTED**

K.  **Consent Searches**

   (1)   Voluntary and effective consent to search obviates the need for a warrant or probable case. To justify a search without a warrant on this ground, there must be a vio-litional, duress-free permission to enter and make the kind of search agreed to. <u>Bumper v. North Carolina</u>, 391 U.S. 543 (1968).

   (2)   A Special Agent may legitimately obtain an invitation into a house by misrepresenting his identity. If he is invited inside, he does not need probable cause to enter, he does not need a search warrant, and he does not need

(10/78 - New Page)

CONFIDENTIAL
INFORMATION                                                           US000818

42-22

to announce his authority or purpose. Once inside the house, he cannot exceed the scope of his invitation by ransacking the house generally but he may seize anything in plain view. U.S. v. Raines, 536 F.2d 796 (8th Cir. 1976); U.S. v. Glassel, 488 F.2d 143 (9th Cir. 1973), cert. denied, 416 U.S. 941 (1974).

(3) The Supreme Court has held that there is no requirement that a law enforcement officer warn an individual that he has a right to refuse consent. Schneckloth v. Bustamonte, 412 U.S. 218 (1973).

(4) Effective consent to a warrantless search may be given either by the suspect or by any third party who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. U.S. v. Matlock, 415 U.S. 164 (1974). Common authority rests on mutual use of the property by persons generally having joint access or control, so that each may be deemed to have assumed the risk that the other would permit the common area to be searched.

(5) A limited search of air travelers is permissible for the purpose of discovering weapons and the prevention of air privacy. U.S. v. Epperson, 454 F.2d 769 (4th Cir. 1972); cert. denied, 406 U.S. 947 (1972). Courts universally agree that anyone choosing to board an aircraft has consented impliedly to a reasonable examination limited to the minimal procedure of passing through a magnetometer and baggage inspection, which invade privacy only minimally. A prospective passenger has a choice: he may submit to a search of his person and immediate possessions as a condition to boarding; or he may turn around and leave. A party may revoke his consent to be searched anytime prior to boarding the plane, even when he has passed beyond the initial screening point, if he agrees to leave the boarding area. U.S. v. Homburg, 546 F.2d 1350 (9th Cir. 1976); and U.S. v. Davis, 482 F.2d 893 (9th Cir. 1973).


REDACTED

(10-78 - New Page)

CONFIDENTIAL INFORMATION

US000819