The Law of Search Manual

# The Law of Arrest, Search & Seizure Manual
# M-69

**THIS MATERIAL IS THE PROPERTY OF THE IMMIGRATION AND NATURALIZATION SERVICE. NEITHER IT NOR ITS CONTENTS MAY BE DISSEMINATED OUTSIDE THE INS WITHOUT PRIOR WRITTEN CONSENT. SINCE THIS PROPERTY IS INTENDED FOR INTERNAL USE ONLY, IT IS ALSO SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, AND ALL OTHER GOVERNMENTAL PRIVILEGES**

Immigration and Naturalization Service
Office of the General Counsel
425 Eye St., N.W.  Rm. 6100
Washington, D.C.  20536

**The Law of Search Manual**

## B. WARRANTLESS SEARCHES AND SEIZURES

Warrantless searches and seizures are per se unreasonable under the fourth amendment unless they fall within a recognized exception.

### 1. *Search Incident to Lawful Arrest*

Incident to a lawful arrest, the arresting officer may search the arrestee's person and the area "within his immediate control" -- meaning the area from within which the arrestee might gain possession of a weapon or destructible evidence 74. A search incident to arrest is an exception to the warrant requirement when four factors are present: (1) the arresting officer must have the authority to make a valid arrest; (2) the arrest must be based on probable cause; (3) the arrest must be made in good faith and not as a pretext to justify the search; and (4) the search must be contemporaneous with the arrest. There is no requirement that the facts of the particular case indicate a likelihood of finding either evidence or weapons 75. The purpose of the search is to protect the arresting officers and to prevent the destruction of evidence 76.



### b. *Search of Premises Incident to Arrest*

If a person is arrested in a dwelling, only that area within the reach of an arrestee may ordinarily be searched pursuant to a lawful arrest without a search warrant 79. However, if the officer making the arrest has a reasonable suspicion based upon specific articulable facts that a dwelling where the arrest occurred harbors an individual who presents a danger to those on the scene, a limited protective sweep of the area may be conducted 80. The sweep in these circumstances extends only to a cursory inspection of those spaces where a person might be found; it does not include an in-depth search of the area.

If the person is arrested outside or near a dwelling, the dwelling may not constitutionally be searched except with consent or in exigent circumstances, as described below 81.

### 2. *Consent Searches*

Officers may conduct a search of premises or effects without a warrant and without probable cause if the person in control of the premises or effects gives his or her voluntary consent. Whether consent is voluntary depends upon the totality of the circumstances, including "evidence of minimal schooling, low intelligence, and the lack of effective warnings to a person

**The Law of Search Manual**

of his rights." 82. Consent is involuntary when it is the product of coercion or threat, express or implied 83. Other factors affecting voluntariness include: an officer's claim or show of authority 84, prior illegal government action, mental or emotional state of the person 85, cooperation or lack thereof 86, and custody 87. Officers need not advise the subject that consent may be refused, although whether such an advisory is given is a factor in determining the voluntariness of the consent. Mere failure to object to a search or otherwise resist is not consent 88. The burden is on the government to demonstrate that consent was voluntary. Miranda warnings are inapplicable. However, consent may not be obtained by trick or coercion 89.

Consent to search may be given only by the person with the primary right to occupy the premises or a third party who possesses common authority over, or other sufficient relationship to, the premises or effect sought to be inspected 90. A warrantless search will also be upheld when based upon the consent of a third party whom the police, at the time of entry, reasonably believe to possess common authority over the premises, but who in fact does not 91. Generally, courts uphold third-party consent to search a home given by a spouse, a live-in paramour, or a parent. In contrast, a landlord or hotel owner may not give valid consent to search the rented premises.

The duration and scope of a person's consent is measured by a standard of objective reasonableness. In other words, what would the typical reasonable person have understood by the exchange with the officer? 92 If an officer requests permission to search a car for drugs, it is reasonable for an officer to consider a suspect's general consent to search the vehicle to include unlocked containers within the car 93. A person may revoke his or her consent to search at any time.

### 3. *Exigent Circumstances*



### a. *Hot Pursuit*

REDACTED

**The Law of Search Manual**

**M-69: FOOTNOTE 74**

74.  Chimel v. California, 395 U.S. 752, 763 (1969); United v. Chadwick, 433 U.S. 1 (1977).States.

**M-69: FOOTNOTE 75**

75.  United States v. Robinson, 414 U.S. 218 (1973).

**M-69: FOOTNOTE 76**

76.  Chimel, 395 U.S. at 763.



**M-69: FOOTNOTE 79**

79.  Chimel, 395 U.S. at 763; Mapp v. Ohio, 367 U.S. 643 (1961); United States v. Jackson, 576 F.2d 749 (8th Cir.), cert. denied, 439 U.S. 858 (1978).

**M-69: FOOTNOTE 80**

80.  Maryland v. Buie, 494 U.S. 325, 334-334 (1990).

**M-69: FOOTNOTE 81**

81.  Agnello v. United States, 269 U.S. 20 (1925); James v. Louisiana, 382 U.S. 26 (1965); United States v. Anthon, 648 669, 675-76 (10th Cir. 1981).F.2d.

**M-69: FOOTNOTE 82**

82.  Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973).

**M-69: FOOTNOTE 83**

83.  Schneckloth, 412 U.S. at 227; United States v. Lopez, 777 543, 548 (10th Cir. 1985); United States v. Ritter, 752 F.2d 435F.2d(9th Cir. 1985) (all holding consent to be voluntary). Compare LaDuke v. Nelson, 762 F.2d I3l8, 1329 (9th Cir.search of migrant farm housing held not voluntary where INS officers failed to advise occupants of right to refuse consent; where occupants had inherent fear of uniformed officers and were oflimited education and linguistic ability; and where searches occurred in early morning or late evening).

Not applicable

**The Law of Search Manual**

**M-69: FOOTNOTE 84**

84. Bumper v. North Carolina, 391 U.S. 543 (1968); LaDuke v.Nelson, 762 F.2d at 1329.

**M-69: FOOTNOTE 85**

85. Commonwealth v. Angivoni, 417 N.E.2d 422 (Mass. 1981); LaDukev. Nelson, 762 F.2d at 1329.

**M-69: FOOTNOTE 86**

86. Higgins v. U.S., 209 F.2d 819, 820 (D.C. Cir. 1954); LaDuke v.Nelson, 762 F.2d at 1329.

**M-69: FOOTNOTE 87**

87. United States v. Watson, 423 U.S. 411 (1976).

**M-69: FOOTNOTE 88**

88. United States v. Baggatts, 646 F. Supp. 589, 591 (D.D.C.1986).

**M-69: FOOTNOTE 89**

89. United States v. Ritter, 752 F.2d 435 (9th Cir. 1985).

**M-69: FOOTNOTE 90**

90. United States v. Matlock, 415 U.S. 164, 171 (1974).

**M-69: FOOTNOTE 91**

91. Illinois v. Rodriguez, 497 U.S. 177 (1991).

**M-69: FOOTNOTE 92**

92. Florida v. Jimeno, 111 S. Ct. 1801, 1805 (1991); Illinois v.Rodriguez, 497 U.S. at 183-189; Florida v. Royer, 460 U.S. 491, 501-502 (1983).

**M-69: FOOTNOTE 93**

93. Jimeno, 111 S. Ct. at 1805-1806 (1991).

**M-69: FOOTNOTE 94**

94. Warden v. Hayden, 387 U.S. 294 (1967).

**M-69: FOOTNOTE 95**

95. United States v. Gomez, 652 F. Supp. 715, 718 (S.D.N.Y 1987);United States v.

CONFIDENTIAL INFORMATION