# MEMO ENDORSED

# DEWEY & LEBOEUF

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY 10019-6092

tel +1 212 259 8191
fax +1 212 649 0919
dlgordon@dl.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08

August 4, 2008

**BY FACSIMILE**

Honorable Frank Maas
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007-1581

*I assume that representatives of the United States Attorney's Office have reviewed with representatives of ICE their mutual discovery obligations. Accordingly, at this juncture, I decline to order the defendants to "re-review" anything.*

*Maas, USMJ, 8/4/08*

Re: *Adriana Aguilar et. al. v. Immigration and Customs Enforcement Division of the United States Department of Homeland Security, et al.,* 07 Civ. 8224 (JGK) (FM)

Dear Judge Maas:

*\* All future letters to the Court must comply with Local Civil Rule 11.1*

On behalf of Plaintiffs in the above-referenced matter, we respectfully write with regard to Shane Cargo's letter of July 30, 2008 to the Court. Based on the content of that letter, we agree with Your Honor that an *in camera* review of the documents is no longer necessary. Plaintiffs write, however, because we are concerned about the conflicting representations that have been made with respect to the content of the Government's production. Mr. Cargo states that, upon further review, the Government now realizes that consent searches and border searches are discussed in the same chapters of ICE's manuals and will be produced in unredacted form. Yet, this statement is directly contrary to ICE's prior representations in letters to Plaintiffs and the Court and during the June 17, 2008 court conference.

ICE's counsel specifically referred to chapters relating to border searches in their May 23, 2008 letter to Plaintiffs' counsel and July 10, 2008 letter to the Court.[1] ICE's position, as clarified during the court conference, was that it was not redacting sections of chapters that contained responsive information, but rather, was withholding chapters if the entire chapter related to unresponsive topics, such as border searches. *See,*

---

[1] *See* 05/23/2008 Letter at 6 (stating the manuals "contain chapters concerning operations (such as border searches . . . ) unrelated to the subject matter of this action") (attached as Exhibit 6 to the June 27, 2008 Letter to Judge Koeltl from Patrick Gennardo); 07/10/2008 Letter at 4 (stating that portions of ICE manuals that ICE intends to withhold include "chapters dealing with such topics as border searches[.]").

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC

ALBANY | ALMATY | AUSTIN | BEIJING | BOSTON | BRUSSELS | CHARLOTTE | CHICAGO | EAST PALO ALTO
FRANKFURT | HARTFORD | HONG KONG | HOUSTON | JACKSONVILLE | JOHANNESBURG (PTY) LTD. | LOS ANGELES
MILAN | MOSCOW | PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | WARSAW

Honorable Frank Maas
August 4, 2008
Page 2

*e.g.*, Transcript of 07/17/2008 Court Conference, at 46:21-47:5 (agreeing with the Court that ICE's position was that if chapter six of a manual related to sick leave, it was not producing chapter six, but that ICE was not redacting chapters for relevance).

Now, after an extended meet and confer process, letters to the Court, and a court conference, ICE is advising that sections relating to border searches are not contained in separate chapters of the manuals, but rather, are contained in the same chapters as sections relating to consent searches. Although Plaintiffs appreciate that ICE has now agreed to produce unredacted copies of the chapters relating to consent searches and border searches, Plaintiffs should not have had to expend so much time and resources to obtain chapters that ICE now concedes should have been produced in unredacted form all along. This situation also calls into question ICE's document review procedures, in that ICE repeatedly represented to Plaintiffs and the Court that border searches were addressed in separate chapters of the manuals, when a review of the manuals themselves apparently demonstrates otherwise. Accordingly, we request that ICE be required to re-review all portions of manuals that have been (or will be) withheld or redacted to ensure that Plaintiffs receive complete copies of all chapters that contain any information responsive to their document requests.

As always, thank you for your consideration of this matter.

Respectfully submitted,

Donna L. Gordon / JKA

Donna L. Gordon

cc:    Shane Cargo, Esq. (by Facsimile)
Lara Eshkenazi, Esq. (by Facsimile)
Kristin L. Vassallo, Esq. (by Facsimile)
Foster Maer, Esq. (by E-mail)
Ghita Schwarz, Esq. (by E-mail)
Patrick J. Gennardo, Esq. (by E-mail)