USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 04 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIANA AGUILAR, *et al.*, <br><br> Plaintiffs, <br><br> - against - <br><br> IMMIGRATION AND CUSTOMS ENFORCEMENT DIVISION OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | ECF Case <br> 07 Civ. 8224 (KBF) <br><br><br> **STIPULATION AND ORDER OF** <br> **DISMISSAL AND SETTLEMENT** |

WHEREAS, the parties to this action (the "Action") are plaintiffs Adriana Aguilar, Andres Leon, Elena Leon, Erika Gabriela Garcia-Leon, Carson Aguilar, Nelly Amaya, Mario Patzan DeLeon, William Lazaro, Tarcis Sapon-Diaz, Sonia Bonilla, Beatriz Velasquez, Dalia Velazquez, Elder Bonilla, Diana Rodriguez, Yoni Revolorio, Juan Jose Mijangos, Gonzalo Escalante, Victor Pineda Morales, Pelagia De La Rosa-Delgado, Anthony Jimenez, Christopher Jimenez, and Bryan Jimenez (collectively "Plaintiffs"), and defendants United States Immigration and Customs Enforcement ("ICE"), a component of the United States Department of Homeland Security, Janet Napolitano*[1], John Morton*, John P. Torres, David J. Venturella*, Marcy Forman, Kumar Kibble*, Christopher Shanahan, Peter J. Smith, Joseph A. Palmese, Darren Williams, Jeffrey Knopf, Brian Banks, Edward Bowman, Michael Kidd, Russell Hott, Jr., Tracey Johnson, Daniel Samartin, Dennis Carroll, Sean Connelly, Andrew Sadowy, Kenneth Lopez, Brian Deever, Jerome White, Judith Almodovar, David DiConza, Jeffrey Grant, Christian Sabatino, Robert Ryan, Manuel DeCastro, Stephen Ascher, Peter Meyer, Matthew F. Hagerty,

---

[1] An asterisk indicates that the defendant was sued in his or her official capacity only.

Deana Castoro, Eben Roberts, Peter Egan, Colin Flaherty, Robert Castioni, Dennis Davey, Tommy Aristy, Matthew Murphy, Michael Alfonso, Christopher Lau, Timothy Losito, Thomas Kilbride, John Cianci, Leigh Senzatimore, Kevin M. O'Malley, Jr., Marina Vides, Bonnie Goldblatt, Renee McAteer, Freddy Gomez, Russell Ricalde, Melvin Smith, Peter Persico, Andrew Daniels, John Guerra, William Ryan, James Taman, Dennis Baggia, Alfred Rizzo, and the United States of America (collectively "Defendants"; Plaintiffs and Defendants referred to herein collectively as the "Parties" or individually as a "Party");

WHEREAS, pursuant to the fourth amended complaint, dated December 21, 2009, Plaintiffs have asserted claims for, among other things, injunctive relief (the "Injunctive Claims"), and monetary relief (i) against the above-named individual defendants who were sued solely in their individual capacities (together, the "*Bivens* Defendants") pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971) (the "*Bivens* Claims"), and (ii) against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (the "FTCA Claims"), arising from several ICE operations that occurred in 2007;

WHEREAS, extensive pretrial proceedings, motion practice, and discovery have occurred in the Action;

WHEREAS, Plaintiffs hereby voluntarily dismiss the *Bivens* Claims against the *Bivens* Defendants pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with prejudice, and all parties who have appeared in the Action consent to such dismissal; and

WHEREAS, Plaintiffs and the United States hereby agree to settle all remaining claims, *i.e.*, the Injunctive Claims and the FTCA Claims, pursuant to this Stipulation and Order of Settlement and Dismissal;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that the Action shall be resolved as between them as follows:

1. This Action is hereby dismissed as against all defendants with prejudice, subject to the financial terms and immigration provisions set forth in paragraphs 3 through 9 below.

2. This Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") shall not constitute an admission of liability or fault on the part of the United States or any of its present or former departments, agencies, agents, officials or employees.

**Financial Terms**

3. Upon entry by the Court of this Stipulation and Order, the United States shall (i) within seven (7) days submit a request to the Judgment Fund of the United States Department of the Treasury; and (ii) as soon as practicable and in no event later than sixty (60) days, if possible, pay Plaintiffs' counsel the total sum of One Million U.S. Dollars ($1,000,000) (the "Payment"). Execution of this Stipulation and Order may be in counterparts, and wire transfer information will be sent under separate cover. Transmittal of the Payment shall constitute full satisfaction of Defendants' monetary obligations that arise under this Stipulation and Order.

4. From this Payment, Plaintiffs shall receive $36,000 per Plaintiff, and the remaining amount of the Payment shall be paid to Plaintiffs' counsel as attorneys' fees. No other or additional payment shall be required. The Payment is inclusive of all costs and attorneys' fees of any kind, in accordance with 28 U.S.C. § 2678, and any and all liens and fees are to be satisfied by Plaintiffs out of the Payment.

**Immigration Proceedings**

5. Previously pending immigration proceedings of plaintiffs Mario Patzan DeLeon, Juan Jose Mijangos, and Yoni Revolorio (the "Plaintiffs Electing Termination") have been terminated without prejudice, and evidence of such termination, to the satisfaction of Plaintiffs'

counsel, has been provided. ICE agrees that it will not use any information gathered during discovery or litigation in this Action, or from the operations and subsequent arrests at issue in this case, against Plaintiffs Electing Termination in any future immigration proceeding, except for the purpose of impeachment.

6. Previously pending immigration proceedings of plaintiffs Nelly Amaya, Gonzalo Escalante, William Lazaro, and Tarcis Sapon-Diaz (the "Plaintiffs Electing Deferred Action") have been administratively closed, and evidence of such administrative closure, to the satisfaction of Plaintiffs' counsel, has been provided. Plaintiffs Electing Deferred Action have received deferred action for four (4) years effective February 11, 2013. ICE agrees that at the end of the deferred-action period, any Plaintiff who received deferred action may apply for another grant of deferred action. The decision whether to grant the application will be left to the sole discretion of ICE.

7. ICE agrees that the immigration cases of Plaintiffs Electing Deferred Action will remain administratively closed for the duration of time that Plaintiffs have deferred action, including any additional grants of deferred action occurring after the initial four (4) years have expired, subject to the requirements and limitations stated in their administrative grants of deferred action. With respect to any Plaintiff who has received deferred action, ICE reserves the right to revoke continued deferred action for a Plaintiff who is convicted of (i) a felony; (ii) a crime of driving while intoxicated or under the influence of alcohol or of prohibited substances; or (iii) any other crime for which a sentence of six (6) months or longer may be imposed that involves causing or threatening to cause personal injury to another person, or with extreme indifference to human life, creates a risk of personal injury to another person. Plaintiffs may

apply for employment authorization documents through submission of a Form I-765 during the period of deferred action.

8. ICE agrees that it will not use any information gathered during discovery or litigation in this Action, or from the operations and subsequent arrests at issue in this case, against Plaintiffs Electing Deferred Action in any future immigration proceeding. ICE further agrees that it will not use any information from deferred-action requests or I-765 applications, if any, that may follow a grant of deferred action, against Plaintiffs Electing Deferred Action to establish removability in any future immigration proceeding.

9. The immigration proceedings of Plaintiffs William Lazaro (Melchor) and Victor Pineda Morales have been terminated, and, as with Plaintiffs Electing Termination under Paragraph 5 above, ICE will not use any information gathered during discovery or litigation in this Action, or from the operations and subsequent arrests at issue in this case, against Mr. Lazaro Melchor or Mr. Pineda Morales in any future immigration proceeding, except for the purpose of impeachment.

### Training and Policy Issues

10. Within sixty (60) days of the Court's approval of this Stipulation and Order, ICE agrees to issue and publish to all appropriate personnel a national policy and training memorandum or memoranda governing the conduct of all ICE field officers and agents with the following language, and/or revise its national policy and training memoranda to include the following language:

> a. **Language.** Consent to enter or search a private residence must be sought in language understood by the resident of the residence granting consent whenever feasible, and one or more Spanish-speaking officers must be available

to seek such consent where the target is thought to be from a Spanish-speaking country.

b. **Curtilage.** Agents and officers in consent-based home operations cannot enter the curtilage or areas around a home where there is a reasonable expectation of privacy, unless they obtain consent to do so.

c. **Protective Sweeps.** Pursuant to Supreme Court precedent in *Maryland v. Buie*, protective sweeps are permitted only where there is a reasonable, articulable suspicion of danger and cannot be conducted upon entry to a home without such reasonable, articulable suspicion.

d. Such policy memorandum or memoranda shall be referred to as "ICE Training and Policy Statement."

11. Within ten (10) days of issuing, publishing, and disseminating the memorandum or memoranda in accordance with Paragraph 10 above, ICE shall provide a copy to the Court and to Plaintiffs' counsel together with a sworn affirmation from an ICE employee sufficient to establish that the memorandum or memoranda have been issued, published, and disseminated.

12. Nothing in this Stipulation and Order shall preclude or limit ICE's ability to modify the ICE Training and Policy Statement as it deems appropriate in light of future changes or developments in law.

**Releases**

13. In exchange for the Payment set forth in Paragraph 3, ICE's agreements with regard to immigration proceedings as set forth in Paragraphs 5 through 9, and ICE's issuance of the ICE Training and Policy Statements, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs for themselves, their present and former agents, administrators, heirs, executors, successors, and assigns, effective upon receipt of the

Payment made in accordance with the requirement of this Stipulation and Order, hereby fully release and forever discharge, and covenant not to sue, Defendants, their present and former agents, representatives, attorneys, administrators, officers, directors, employees, affiliates, predecessors, successors, and assigns, of and from any and all sums of money, claims, demands, charges, causes of action and judgments of whatever kind or nature, whether known or unknown, that Plaintiffs may have had or have as of the date of execution of this Stipulation and Order arising from or relating to the events that gave rise to the Action.

14. Plaintiffs represent and warrant that they have not, prior to the date of this Agreement, assigned or transferred or purported to assign or transfer (i) any claim released hereunder; or (ii) any interest in or entitlement to their recovery, if any, in this Action, other than any claim, interest, or entitlement Plaintiffs' counsel might have to the attorneys' fees being paid under this Agreement.

15. Defendants for themselves, their current and former agents, subsidiaries, affiliates, predecessors or successors, and each of its and their respective current and former officers, directors, employees, agents, representatives, attorneys, and successors agree that once Payment is made, they fully release and forever discharge, and covenant not to sue, Plaintiffs, their present and former agents, representatives, attorneys, administrators, successors, and assigns, of and from any and all sums of money, claims, demands, charges, causes of action, and judgments of whatever kind or nature, whether known or unknown, that Defendants may have had or have as of the date of execution of this Stipulation and Order arising out of the events giving rise to the Action, provided, however, that nothing herein shall preclude ICE from undertaking enforcement actions against any party hereto for reasons unrelated to the operations giving rise to this Action except as specified in Paragraphs 5 through 9 herein.

16. The Parties acknowledge and agree that the releases set forth in Paragraphs 13 and 15 above include known and unknown claims.

17. This Stipulation and Order represents a negotiated settlement of any potential or disputed claims, and the Parties expressly deny any liability for any claims or defenses against each other. The execution of this Stipulation and Order shall not be construed as an admission on the part of any of the Parties in any respect.

18. This Stipulation and Order shall be binding upon and inure to the benefit of the parties and their principals, agents, representatives, heirs, successors, and assigns.

19. This Stipulation and Order and any claim or dispute arising out of, or relating to, this Stipulation and Order shall be governed by and construed in accordance with the laws of the United States, or, to the extent state law applies, the State of New York, without regard to conflict of law principles.

20. Each Party or representative of a Party hereby warrants that it/he/she has full authority to execute this Stipulation and Order and the releases provided for herein and to bind the persons on whose behalf they are signing to the terms of the Stipulation. Plaintiffs' signatures to this agreement are attached as Exhibit A.

21. This Stipulation and Order contains the entire agreement among the Parties and cannot be modified except by a writing signed by the Parties. This Stipulation and Order embodies the complete agreement and understanding among the Parties and supersedes and preempts any prior agreements and understandings concerning the subject matter hereof.

22. The Parties have carefully read this Stipulation and Order, know its contents, and freely and voluntarily agree to all of its terms and conditions, and have freely and voluntarily affixed their signatures hereto with full and complete authority to do so. Each Party

acknowledges that it/he/she has been represented by independent legal counsel of its choice throughout all the negotiations that preceded the execution of this Stipulation and Order, and this Stipulation and Order has been executed with the consent and upon the advice of such independent legal counsel. Except as otherwise provided herein, none of the Parties nor their employees, agents or attorneys has made any representation to any other Party concerning this Stipulation and Order or the validity or merit of any of their claims, and none of the Parties is relying upon any such representation in executing this Stipulation and Order. The Parties acknowledge that they are acting upon their own best judgment, belief, and knowledge of the nature and validity of any and all claims or potential claims and advice of their own counsel in making this Stipulation and Order.

23. Because each Party and counsel for each Party has reviewed this Stipulation and Order and contributed to the drafting and/or approval of this Stipulation and Order, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation and Order.

24. The failure of the non-defaulting Party to declare a default upon a breach of this Stipulation and Order by the defaulting Party shall not constitute a waiver or estoppel with respect to such breach or default or any future breach and/or default.

25. This Stipulation and Order may be executed in counterparts and by facsimile or other form of optical transmission, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The effective date of this agreement shall be the date upon which the Court approves and enters the Stipulation and Order on the docket in Case No. 07 Civ. 8224 (KBF) (S.D.N.Y.). If the Stipulation and Order is not approved and entered by the Court, it shall be null and void, without force and effect.

26. If there is a change in the law that affects any Plaintiff, nothing in this Stipulation and Order prevents him or her from applying for any status for which he/she would otherwise be eligible.

27. Nothing in this Stipulation and Order shall be construed as a concession of removability or alienage by any Plaintiff. This Stipulation and Order does not affect the ability of any Plaintiff to present himself or herself for entry or admission into the United States, or to adjust or regularize his or her status, subsequent to the date of this Stipulation and Order, so long as he or she is authorized to do so under applicable United States law.

28. Each party shall destroy within thirty (30) days of the Payment date all confidential and highly confidential (attorneys eyes only) documents produced in this Action by the opposing party.

New York, New York
March 29, 2013

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendants,
on behalf of Defendants*

_____
David Bober
Shane Cargo
Brandon Cowart
Louis A. Pellegrino
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2711
Fax (212) 637-2786

New York, New York
April 3, 2013

WINSTON & STRAWN LLP
*Attorneys for Plaintiffs*

_____
Aldo A. Badini
Kelly A. Librera
George Mastoris
200 Park Avenue
New York, New York 10166-4193
Tel. (212) 294-6700
Fax (212) 294-4700

New York, New York
April 3, 2013

LATINOJUSTICE PRLDEF
*Attorneys for Plaintiffs*

_____
Foster Maer
Elizabeth Joynes
99 Hudson Street, 14th Floor
New York, New York 10013
Tel. (212) 739-7507
Fax (212) 431-4276

New York, New York
April 3, 2013

CENTER FOR CONSTITUTIONAL RIGHTS
*Attorneys for Plaintiffs*

_____
Ghita Schwarz
666 Broadway, 7th Floor
New York, New York 10012
Tel. (212) 614-6445
Fax (212) 614-6422

SO ORDERED:

_____  4/4/13
HON. KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

_____
Adriana Leon Aguilar
*Plaintiff*

Executed this 26th day of March, 2013

_____
Andres Leon
*Plaintiff*

Executed this 26th day of March, 2013

_____
Elena Leon
*Plaintiff*

Executed this 26th day of March, 2013


_____
Erika Gabriela Garcia-Leon
*Plaintiff*

Executed this ___ day of _____, 2013

_____
Carson Aguilar, by his Next Friend Adriana Leon Aguilar
*Plaintiff*

Executed this 26th day of March, 2013

_____
Nelly Amaya
*Plaintiff*

Executed this 1st day of April, 2013

_____
Adriana Leon Aguilar
*Plaintiff*

Executed this ___ day of _____, 2013

_____
Andres Leon
*Plaintiff*

Executed this ___ day of _____, 2013

_____
Elena Leon
*Plaintiff*

Executed this ___ day of _____, 2013

*[signature]*
_____
Erika Gabriela Garcia-Leon
*Plaintiff*

Executed this 28th day of March, 2013

_____
Carson Aguilar, by his Next Friend Adriana Leon Aguilar
*Plaintiff*

Executed this ___ day of _____, 2013

_____
Nelly Amaya
*Plaintiff*

Executed this ___ day of _____, 2013

**07 Civ. 8224 (KBF)**

*William Lazaro*
William Lazaro (Melchor)
*Plaintiff*

Executed this 1st day of April, 2013

*Tarcis Avandi Sapon Diaz*
Tarcis Sapon-Diaz
*Plaintiff*

Executed this 1st day of April, 2013

*Gonzalo Escalante*
Gonzalo Escalante
*Plaintiff*

Executed this 1st day of April, 2013

X *Victor Leonel Pineda Morales*
Victor Pineda Morales
*Plaintiff*

Executed this 1st day of April, 2013

*Juan Jose Mijangos*
Juan Jose Mijangos
*Plaintiff*

Executed this 2nd day of April, 2013

07 Civ. 8224 (KBF)

_____
Pelagia De la Rosa-Delgado)
*Plaintiff*

Executed this 1st day of March, 2013

_____
Anthony Jimenez
*Plaintiff*

Executed this 1st day of March, 2013

_____
Christopher Jimenez
*Plaintiff*

Executed this 1st day of March, 2013

_____
Bryan Jimenez
*Plaintiff*

Executed this 1st day of March, 2013

*Sonia Bonilla*
Sonia Bonilla
*Plaintiff*

Executed this 1st day of March, 2013

*Beatriz Velasquez* BV
Beatriz Velasquez, ~~by her Next Friend Sonia Bonilla~~
*Plaintiff*

Executed this 1st day of March, 2013

*Sonia Bonilla*
Dalia Velasquez, by her Next Friend Sonia Bonilla
*Plaintiff*

Executed this 1st day of March, 2013

*Elder Bonilla*
Elder Bonilla
*Plaintiff*

Executed this 1st day of March, 2013

*Diana Rodriguez*
Diana Rodriguez
*Plaintiff*

Executed this 1st day of March, 2013

_____
Yoni Revolorio
*Plaintiff*

Executed this 28 day of __Mar.__, 2013

07 Civ. 8224 (KBF)

_____
Mario Patzan DeLeon
*Plaintiff*

Executed this 29 day of March, 2013